Mr. Vincent B. Tilford, President Arkansas Development Finance Authority 100 Main Street, Suite 200 P. O. Box 8023 Little Rock, AR 72203-8023
Dear Mr. Tilford:
This is in response to your submission of additional information in connection with Attorney General Opinion 96-257, issued to you on July 18, 1996, regarding the Arkansas Freedom of Information Act ("FOIA"). You have asked that I consider whether the submitted facts would alter or amend that opinion.
With regard to the April 26, 1996 memorandum, it is my understanding that the individual who submitted this memo did not exercise supervisory authority over the subject of the complaints, i.e., the individual against whom the complaints were directed. No investigation had been initiated at that point, nor did the author of the memo possess independent authority to initiate an investigation. The fact that the memo triggered the investigation is not, in my opinion, determinative. The facts do not reasonably suggest that the memo was solicited by the employer for evaluation purposes. See Op. Att'y Gen. 96-257 at 2. Thus, in my opinion, this memo is subject to disclosure under the FOIA.
With regard to the May 3, 1996 memorandum, there are factual issues present which make a definitive answer impossible in the context of an Attorney General's opinion. It appears, however, that this document may have been produced by the complainant of her own accord in an effort to clarify the original complaint rather than by solicitation from the person conducting the agency *Page 2 
investigation. This conclusion is initially suggested by the language of the memo itself, and is buttressed by the fact that the memo was apparently copied to several individuals both inside and outside the agency. If the May 3 memorandum is fairly characterized as a restatement and clarification of the original complaint and was produced suasponte by the complainant, then it probably is no more subject to exemption from disclosure under A.C.A. § 25-18-105(c)(1) than would be the original complaint document. If, on the other hand, the memorandum was required to be produced by the agency investigator, to be used as evidence in the investigation, it may be subject to the claimed exemption. Exemptions under the FOIA must, of course, be narrowly construed. Laman v. McCord, 245 Ark. 401, 432 S.W.2d 753 (1968).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General